IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kendall Green, # 315971 | ) | C/A NO. 2:10-3080-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Sgt. D. Anderson of Lee CI; Lt. Richardson, | ) | |
| SMU Security; Ms. L. Johnson, Grievance | ) | |
| Coordinator; Major James C. Dean, | ) | |
| Security over Institution; and | ) | |
| Warden Padula, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On January 18, 2012, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted in part and denied in part and that Plaintiff's motion for summary judgment be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on February 6, 2012. ECF No. 84. Defendants filed a reply to Plaintiff's objections, and after an extension of time, filed objections to the Report on February 17, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

1

no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees in part with the conclusions of the Magistrate Judge. Accordingly, the court hereby adopts the factual recitation contained in the Report, as well as its discussion and conclusion regarding Plaintiff's claims against Defendants Anderson, Johnson, Dean, and Padula. However, as to Plaintiff's claims against Defendant Richardson, it appears that Plaintiff has failed to properly exhaust administrative remedies relating to these allegations.

Plaintiff argues that the Report erred in its conclusion and recommendation relating to Defendant Johnson. Plaintiff contends that his claim against Johnson is an alleged First Amendment violation, and not merely that Johnson violated SCDC grievance procedures. Obj. at 1 (ECF no. 84). However, "[t]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F.Supp.2d 674, 679 (N.D. Ind. 2003). Therefore, Plaintiff's objection is without merit.

Defendants contend that their evidence is "ample" to overcome Plaintiff's allegations. Dfts' Obj. at 1 (ECF No. 88, filed Feb. 17, 2012). However, Defendants' objections go to the weight,

2

rather than the sufficiency, of the evidence. At this point in the proceedings, the court must view the evidence in the light most favorable to Plaintiff, the non-moving party. While the ultimate fact-finder is free to assess whatever weight it believes is appropriate in determining Defendants' liability, that is not a role this court can assume.

Defendants also initially objected to this matter proceeding because they have not been properly served. Dfts' Obj. at 3 (ECF No. 88, filed Feb. 17, 2012). However, Defendants have withdrawn this objection. ECF No. 90 (filed Feb. 23, 2012).

### **DEFENDANT RICHARDSON – FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Plaintiff's second federal cause of action contends that Lt. Richardson failed to protect him from an attack by another inmate, in violation of the Eighth Amendment. Although Richardson asserted in his answer that Plaintiff failed to exhaust his administrative remedies prior to filing suit, *see* Ans. to Am. Compl. at 3 (ECF No. 29, filed Feb. 23, 2011), Richardson did not specifically argue in his memorandum in support of summary judgment that Plaintiff failed to exhaust administrative remedies.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA"), 42 U.S.C. § 1997, exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive

force or some other wrong. *Porter*, 534 U.S. at 532. The Fourth Circuit, in *Anderson v. XYZ Corr.*

*Health Servs., Inc.*, 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. "That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." *Id*. at 683.

Exhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Additionally, exhaustion must be proper exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (requiring "proper" exhaustion of administrative remedies prior to prisoner § 1983 actions); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (discussing "availability" of remedies).

Plaintiff's complaint alleges that he filed a grievance against Richardson on September 17, 2010. ECF No. 13 at 11. On November 8, 2010, Plaintiff wrote Defendant Johnson, inquiring as to the status of the purportedly filed grievance. ECF No. 13-3 at 8. The response from Johnson, dated November 17, 2010, indicates that "the only Grievance that my records indicate that you filed in September was [a grievance relating to a disciplinary hearing]. I see no grievance that you allegedly filed on Lt. Richardson." *Id*. There is no further evidence in the record regarding any action taken by Plaintiff regarding this purported filing. Plaintiff thereafter filed suit in this Court on December 2, 2010.[1]

---

[1] Plaintiff's amended complaint, adding Defendant Richardson, is dated December 24, 2010. The envelope appears to be postmarked either December 28 or 29, 2010. The amended complaint was received for filing on January 3, 2011.

4

As a part of the discovery process in this matter, Plaintiff requested a copy of his "entire grievance record" in his Request for Production of Records directed to Defendant Padula. *See* ECF 50-3 at 2 (filed June 6, 2011). Defendants produced Plaintiff's grievance records, including the South Carolina Department of Corrections (SCDC) printout of Plaintiff's grievances. None of the grievances listed as having been filed by Plaintiff relate to the allegations contained in Plaintiff's second federal cause of action. *See* ECF 50-3 at 26-29 (SCDC printout listing all grievances filed by Plaintiff from November 29, 2006, through April 6, 2011).

Plaintiff took no action in response to Defendant Johnson's November 17, 2010, reply indicating no grievance was on record as having been filed. Therefore, it appears Plaintiff has failed to properly exhaust administrative remedies relating to this claim, and that it should be dismissed. However, because Defendants did not specifically move for summary judgment based upon Plaintiff's failure to exhaust, the court finds that Plaintiff should have an opportunity to provide any additional material he may possess regarding this claim and its administrative exhaustion. This shall be addressed at the pretrial conference, set forth below.

### CONCLUSION

For the reasons noted above and in the Report, Plaintiff's motion for summary judgment (ECF No. 59) is **denied**. Defendant's motion for summary judgment (ECF No. 36) is **granted in part and denied in part**. Defendants Johnson, Dean, and Padula are granted summary judgment and are dismissed from this matter with prejudice. Defendant Anderson's motion for summary judgment is **denied**. Defendant Richardson's motion for summary judgment is taken under advisement and shall be addressed at the pretrial conference.

### PRETRIAL CONFERENCE AND JURY SELECTION

Plaintiff's claims against Defendant Anderson shall proceed to trial during this court's term of court beginning April 5, 2012. A pretrial conference shall be held at **9:30 a.m. on Friday, March 16, 2012**, Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. Plaintiff shall appear at the pretrial conference via videoconference.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 24, 2012