IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kendall Green, # 315971 | ) | C/A NO. 2:10-3080-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Sgt. D. Anderson of Lee CI; Lt. Richardson, | ) | |
| SMU Security, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on pretrial matters resulting from issues discussed at the pretrial conference held March 16, 2012.

### I. CLAIMS AGAINST LT. RICHARDSON – EXHAUSTION OF ADMINISTRATIVE REMEDIES

In the order filed February 24, 2012, the court determined that the record appeared to indicate that Plaintiff had failed to exhaust his administrative remedies relating to his claim against Lt. Richardson. Following the pretrial conference held March 16, Plaintiff was provided an opportunity to submit further evidence of his administrative exhaustion of this claim, which the court received March 23, 2012.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA"), 42 U.S.C. § 1997, exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege excessive

force or some other wrong. *Porter*, 534 U.S. at 532. The Fourth Circuit, in *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. "That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." *Id*. at 683.

Exhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Additionally, exhaustion must be proper exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (requiring "proper" exhaustion of administrative remedies prior to prisoner § 1983 actions); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (discussing "availability" of remedies).

Plaintiff's complaint alleges that he filed a grievance against Richardson on September 17, 2010. ECF No. 13 at 11. On November 8, 2010, Plaintiff wrote former Defendant "Ms. L. Johnson,"[1] the Lee Correctional Institution Inmate Grievance Coordinator, inquiring as to the status of the purportedly filed grievance. ECF No. 13-3 at 8. The response from Johnson, dated November 17, 2010, indicates that "the only Grievance that my records indicate that you filed in September was [a grievance relating to a disciplinary hearing]. I see no grievance that you allegedly filed on Lt.

---

[1]Defendant Johnson's first name does not appear in the record.

Richardson." *Id*. There is no further evidence in the record regarding any action taken by Plaintiff regarding this purported filing. Plaintiff thereafter filed suit in this Court on December 2, 2010.[2]

As a part of the discovery process in this matter, Plaintiff requested a copy of his "entire grievance record" in his Request for Production of Records directed to Defendant Padula. *See* ECF 50-3 at 2 (filed June 6, 2011). Defendants produced Plaintiff's grievance records, including the South Carolina Department of Corrections (SCDC) printout of Plaintiff's grievances. None of the grievances listed as having been filed by Plaintiff relate to the allegations contained in Plaintiff's second federal cause of action. *See* ECF 50-3 at 26-29 (SCDC printout listing all grievances filed by Plaintiff from November 29, 2006, through April 6, 2011).

Additionally, on March 14, 2012, Defendants submitted an affidavit of Angela Hardin, SCDC Inmate Grievance Administrator. Ms. Hardin attests that "[a] review of SCDC records, . . . . shows that Inmate Green has not filed a grievance concerning Lt. Richardson's placement of Inmate Green in a particular cell with a particular cell mate while at Lee Correctional Institution on or about September 17, 2010 or at any other time." Aff. of Angela Hardin at ¶ 4 (ECF No. 105-1, filed Mar. 14, 2012). Hardin avers that "I have reviewed Inmate Green's entire grievance file. The file contains no grievances filed by Inmate Green against Lt. Richardson." *Id*. at ¶ 5.

The affidavit submitted by Plaintiff on March 23, 2012, indicates that "[w]hen I'd written to Ms. Johnson via Request to Staff and she'd responded back I saw no need to go further with her because I knew that she was going to keep saying the same thing. However, Plaintiff did write to

---

[2]Plaintiff's amended complaint, adding Defendant Richardson, is dated December 24, 2010. The envelope appears to be postmarked either December 28 or 29, 2010. The amended complaint was received for filing on January 3, 2011.

3

Johnson's superiors in Columbia/headquarters (see Request to Staff, attached herewith)." Pla's Aff. at ¶ 5 (filed Mar. 23, 2012).

Assuming this affidavit references Johnson's November 2010 reply, Plaintiff took no action in response to the reply indicating no grievance was on record as having been filed. The attachments to the affidavit do not specifically reference any alleged problem with "Ms. Johnson or someone in direct cahootz [sic] with her and her comrades [ ] dispos[ing] of Plaintiff's grievance . . . ." Pla's "Law to Support Exhaustion" at 1-2 (ECF No. 112, filed Mar. 23, 2012).

Plaintiff also argues "that it is 'totally unfair' [sic] for the court to [accept] an affidavit, from the Defendants, from the Inmate Grievance Branch 'after' [sic] they'd failed to argue and preserve this issue on summary judgment." *Id.* at 2. However, Defendants raised the affirmative defense in their answer. Moreover, "[t]hat exhaustion is an affirmative defense, however, does not preclude the district court from . . . inquiring on its own motion into whether the inmate exhausted all administrative remedies." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Plaintiff has had notice and an opportunity to respond to the question of administrative exhaustion. The court finds that Plaintiff has failed to properly exhaust administrative remedies relating to his claims relating to Lt. Richardson, and Richardson is dismissed from this action without prejudice. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 (11th Cir. 2008) (noting that district court's dismissal without prejudice on summary judgment motion proper where "neither

party has evidenced that administrative remedies at [the correctional facility] are absolutely time barred or otherwise clearly infeasible.").[3]

## II. WITNESSES/EXHIBITS

Plaintiff has provided the court a list of proposed witnesses and exhibits. Plaintiff seeks to call Joshua Jeter and Tommie Smith, eyewitnesses to the events of August 18, 2010. In addition, Plaintiff seeks to call Colie Green and Johnathan Byars, who he indicates will testify as to "knowledge of Sgt. Anderson's abuse on prisoners from experience" and an incident where Green was sent back to his dormitory for not having his identification badge on rather than "assaulted and sprayed."ECF No. 112-1. The only claim remaining for trial in this case is whether Sgt. Anderson, on the day in question, used excessive force on Plaintiff in violation of the Eighth Amendment. At this point it does not appear that the testimony of Green or Byars will be admissible. Therefore, Plaintiff's request to call Colie Green and Johnathan Byars is denied without prejudice.

Jeter and Smith are currently incarcerated in the SCDC at Perry Correctional Institution. The court is in the process of determining whether Jeter and Smith will be able to testify by videoconference. Therefore, this matter will be decided no later than the date of jury selection.

Plaintiff lists 18 exhibits he wishes to introduce during the course of trial. *See* ECF No. 112-1 (filed Mar. 23, 2012). However, the court cannot be completely sure at this point which of the exhibits are relevant to the remaining claim for trial, because several of the listed exhibits appear to relate to Plaintiff's claim against Lt. Richardson, who has been dismissed from this action.

---

[3]The court takes no position whether any attempt by Plaintiff to exhaust administrative remedies would be "time-barred or otherwise clearly infeasible." *Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 (11th Cir. 2008)

Therefore, Plaintiff should be prepared to address admissibility and relevance of Plaintiff's proposed exhibits on the day of jury selection.[4]

### III. CONCLUSION

Defendant Lt. Richardson is dismissed from this action without prejudice. The court will address the matters noted above on April 5, 2012, after a jury is selected in this matter.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 28, 2012

---

[4] It is clear that Plaintiff's proposed Exhibits 8 (Affidavit of Richardson), and 18 (picture of stab wounds) go the claims against Richardson. Therefore, Plaintiff need not be provided copies of these documents for trial preparation.